United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Coastal Marine Management d/b/a Boston Harbor Shipyard and Marina, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 16-11616-NMG |
| M/V Sea Hunter (O.N. 598425), Sea Hunters LP and Gregory Brooks, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Here we have a dispute about the sale at auction of a deeply indebted vessel, the M/V Sea Hunter (O.N. 598425). The purported owner of the Vessel, Gregory Brooks, and Sea Hunters LP (collectively, "defendants"), allegedly failed to make payments to Boston Harbor Shipyard and Marina ("BHS" or "plaintiff") for the storage and removal of rubbish from the subject vessel, causing BHS to incur a lien for necessaries against the vessel.

In January, 2017, BHS filed a motion for 1) interlocutory sale of the vessel and 2) permission to credit bid up to the amount of the indebtedness of the Vessel. For the reasons that follow, the motion will be, with respect to plaintiff's request

-1-

for interlocutory sale, allowed, but will be, with respect to its request for the right to credit bid, denied.

I. **Background**

In or about 2008, Gregory Brooks and Sea Hunters LP entered into a maritime contract with BHS specifying that BHS would provide "necessaries" to the M/V Sea Hunter by storing and removing rubbish from it. In exchange, Brooks and Sea Hunters agreed to pay BHS $1,833 per month for the service. Since March 2, 2015, BHS has not, however, received payment from Brooks and Sea Hunters despite repeated demands. Currently, BHS possesses a maritime lien on the vessel for the provision of "Necessaries and Services" through July, 2016, in the amount of $33,899.94 plus interest and costs.[1]

In August, 2016, BHS filed a two-count complaint against Brooks and Sea Hunters LP for 1) enforcement of its maritime lien for necessaries against the subject vessel and 2) breach of maritime contract against Brooks and Sea Hunters LP. In October, 2016, Brooks filed an answer to the complaint but did not deny the factual allegations.

That same month, the United States Marshals served an in rem warrant on the vessel and arrested it. This Court

---

[1] Plaintiff established its lien on the vessel pursuant to 46 U.S.C. §§ 31341 and 313342.

subsequently appointed BHS custodian of the vessel which has remained in its custody and has continued to incur costs.

Several parties have filed statements of claim against, or interest in, the M/V Sea Hunter.  Specifically, Additional Return, LLC ("Additional Return") has asserted a claim or interest in the vessel on the grounds that it has several "preferred ship mortgages" against the vessel totaling approximately $430,000.

In January, 2017, plaintiff moved for interlocutory sale of the vessel and for the right to credit bid up to the amount of the indebtedness of the vessel at such sale.  Additional Return objects.  This memorandum addresses the pending motion and objections thereto.

**II. Plaintiff's Motion for Interlocutory Sale and for an Order Granting It the Right to Credit Bid up to the Amount of the Indebtedness of the Vessel and its Owner**

    **A.    Legal Standards**

        **1.    Interlocutory Sale**

Pursuant to the Supplemental Rules of Civil Procedure, a district court may order the sale of an arrested property if:

(A) the attached or arrested property is perishable, or liable to deterioration, decay or injury by being detained in custody pending the action;

(B) the expense of keeping the property is excessive or disproportionate; or

(C) there is an unreasonable delay in securing release of the property.

Fed. R. Civ. P. Supp. E(9)(a)(i).

Only one of the elements must be satisfied for the Court to permit sale of the subject property. 20th Century Fox Film Corp. v. M.V. Ship Agencies, 992 F. Supp. 1434, 1437 (M.D. Fla. 1997) (citing Silver Star Enters., Inc. v., M/V Saramacca, 19 F.3d 1008, 1014 (5th Cir. 1994)).

**2. Permission to Credit Bid**

Pursuant to 46 U.S.C. § 31329(a)(2), a mortgagee of a vessel has a statutory right to participate in a court ordered sale of that vessel. There is no statutory right, however, to credit bid at such sale. Courts have granted permission to credit bid only to those with "preferred ship mortgages" who agree to pay any and all claims senior in priority. See, e.g., Yasi v. M/V Horizon's Edge, No. 14-10128, 2014 WL 8484913, at *5 (D. Mass. Sept. 2, 2014) (allowing plaintiff with a preferred ship mortgage the right to credit bid conditional on plaintiff posting a surety bond).

Furthermore, when a preferred ship mortgagee is involved in the foreclosure of an indebted vessel, it is given priority over all other claims against the vessel except for 1) preferred maritime liens and 2) costs and expenses in custodia legis. 46 U.S.C. § 31326(b)(1).

### B. Application

#### 1. Interlocutory Sale

Plaintiff contends that the Court should order an interlocutory sale of the subject vessel, in part, because defendants' failure to secure its release constitutes unreasonable delay. The Court agrees.

Approximately twelve months have elapsed since the filing of this lawsuit but defendants have made no attempt to secure the vessel. Such inaction is unreasonable. See Bank of Rio Vista v. Vessel Captain Pete, No. C 04-2736, 2004 WL 2330704, at *2 (N.D. Cal., Oct. 14, 2004) (noting that defendants are typically given four months to bond a vessel).

Accordingly, plaintiff's motion, with respect to its request for an interlocutory sale, will be allowed.

#### 2. Permission to Credit Bid

Plaintiff avers that it should be permitted to credit bid on grounds that it has a lien for necessaries against the subject vessel and on condition that it will agree to pay any and all claims adjudged to be senior in priority.

Plaintiff cites only one case in which a holder of a lien for necessaries was allowed to credit bid. See California Yacht Marina-Chula Vista, LLC v. S/V Opily, No. 14-CV-01215, 2015 WL 1197540, at *4-5 (S.D. Cal. Mar. 16, 2015). There, the district court relied upon a local admiralty rule that expressly gave

maritime lienholders permission to credit bid provided they could demonstrate that they had the highest priority claim. Id. at *5. In this jurisdiction there is, however, no such local admiralty rule and plaintiff's lien for necessaries has not been demonstrated to be a higher priority than the other claims against the subject vessel.

Accordingly, plaintiff's motion, with respect to its request to credit bid, will be denied.

### III. Objections by Claimant Additional Return to Plaintiff's Motion for Interlocutory Sale and for the Right to Credit Bid

Additional Return raises two "objections" to plaintiff's requests for an interlocutory sale of the vessel and for permission to credit bid. It requests that 1) the Court order an appraisal of the subject vessel before it is to be sold and 2) the Court direct plaintiff to advertise the sale more thoroughly.

**A. Standing**

As a threshold matter, plaintiff avers that Additional Return lacks standing to object to its motion because it did not file a motion to intervene, pursuant to Fed. R. Civ. P. 24, as suggested in the Advisory Committee's note to Fed. R. Civ. P. Supp. C(6).

The Advisory Committee note provides as follows:

> In an admiralty and maritime proceeding . . . , a statement is filed only by a person claiming a right of possession or ownership. Other claims against the property are advanced by intervention under Civil Rule 24, as it may be supplemented by local admiralty rules. The reference to ownership includes every interest that qualifies as ownership under domestic or foreign law. If an ownership interest is asserted, it makes no difference whether its character is legal, equitable, or something else.

Fed. R. Civ. P. Supp. C(6) advisory committee's note to 2000 amendment.

According to plaintiff, the preferred ship mortgages held by Additional Return are not "possession or ownership" interests and, therefore, it should have moved to intervene pursuant to Fed. R. Civ. P. 24. The Court is inclined to agree but the issue has not been briefed by Additional Return, and, therefore, the Court will direct Additional Return to show cause why its claim or interest in the subject vessel should not be dismissed (and its objections overruled). See Preterm, Inc. v. Dukakis, 591 F.2d 121, 134 (1st Cir. 1979) (holding that a party must be afforded "an opportunity to be heard" on standing issues before its claims can be dismissed for lack of standing).

**B.   The Objections**

Although Additional Return's standing in this lawsuit remains unclear, the Court will, sua sponte, order an appraisal of the subject vessel.

"It is common practice" to order such an appraisal prior to the sale requested by plaintiff in order "to aid[] [the Court] in determining if the sale should be confirmed." Gowen, Inc. v. F/V Quality One, No. CIV. 99-371, 2000 WL 893402, at *4 (D. Me. June 14, 2000), aff'd, 244 F.3d 64 (1st Cir. 2001).

The subject vessel has not been appraised since September, 2013, and an up-to-date appraisal will assist the Court in determining if any sale of the vessel should be confirmed. See Me. Nat'l Bank v. F/V Explorer, 663 F. Supp. 462, 470 (D. Me. 1987), aff'd, 833 F.2d 375 (1st Cir. 1987).

The second request proffered by Additional Return for more marketing efforts will, however, be denied without prejudice. It is not clear that Additional Return has standing to make such a request and, even if it has such standing, it has provided no guidance as to what kind of additional effort plaintiff should take to publicize the sale of the subject vessel.

**ORDER**

For the foregoing reasons:

1) Plaintiff's motion for an order of sale and for permission to credit bid (Docket No. 48) is, with respect to its request for an order of sale, **ALLOWED**, but is, with respect to its request for permission to credit bid up to the amount of indebtedness on the subject vessel and its owner, **DENIED.**

2) Plaintiff shall retain a licensed, certified appraiser to perform an appraisal of the subject vessel, the M/V Sea Hunter (O.N. 598425), prior to conducting a sale of the subject vessel.

3) After such an appraisal has been completed, plaintiff will promptly forward to the Court and any and all interested parties a copy of the appraisal.

4) In accordance with this Memorandum and Order, plaintiff is directed to submit a revised proposed order for interlocutory sale of the subject vessel on or before Friday, September 1, 2017.

5) Claimant Additional Return, LLC is hereby **DIRECTED TO SHOW CAUSE** within 14 days of the date of this Memorandum and Order why this Court should not dismiss its claim of an interest in the M/V Sea Hunter (O.N. 598425) for failure to comply with Fed. R. Civ. P. Supp. C(6). Failure to comply with this directive will result in the dismissal of the claim or interest in the subject vessel asserted by Additional Return, LLC.

6) The request by claimant Additional Return, LLC for more thorough marketing of the sale of the M/V Sea Hunter (O.N. 598425) (Docket No. 50) is **DENIED without prejudice**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 14, 2017