**United States District Court**
**District of Massachusetts**

| | | |
|---|---|---|
| **Coastal Marine Management, LLC d/b/a Boston Harbor Shipyard and Marina,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 16-11616-NMG** |
| **v.** | ) | |
| **Additional Return, LLC,** | ) | |
| **Intervenor.** | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a dispute over custodia legis expenses that Boston Harbor Shipyard and Marina ("the Shipyard" or "plaintiff") has incurred as the Court-appointed custodian of an abandoned vessel under foreclosure. Pending before the Court is the motion of plaintiff for entry of judgment against intervenor Additional Return, LLC ("Additional Return" or "defendant") for its pro rata share of expenses amounting to $64,865.64 plus interest.

The facts of this case are outlined in detail in a prior order of this Court allowing plaintiff's motion for the disbursement of sale proceeds and apportionment of custodia

legis expenses (Docket No. 106) ("the February 20, 2019 Order"). In that Order, the Court held that "Additional Return, as an intervenor, is subject to this Court's initial order concerning the pro rata sharing of custodia legis expenses" (Docket No. 106).

Plaintiff now seeks entry of judgment in its favor in the amount of $64,865.64, plus interest, due to it from Additional Return for unpaid custodia legis expenses pursuant to the February 20, 2019 Order.  Additional Return objects, reciting verbatim arguments previously rejected by this Court.  So as not to re-bake the cake, the Court will address only the single new argument proffered by Additional Return: that a mortgagee which was effectively required to intervene did not benefit on a pro rata basis, or at all for that matter, by the arrest and forced sale of the mortgaged vessel and should not be liable for custodia legis expenses.

Additional Return's argument is unavailing.  The logic of pro rata apportionment among intervenors for custodia legis expenses is that the first party to arrest a vessel and arrange for a substitute custodian should not be burdened by expenses intended to benefit all interested parties. Donald D. Forsht Associates, Inc. v. Transamerica ICS, Inc., 821 F.2d 1556, 1561 (11th Cir. 1987).  Pro rata apportionment is not, as Additional

Return suggests, dependent upon whether an intervenor is entitled to a pro rata share of the sale proceeds. Indeed, a Court has broad discretion in apportioning the payment of custodia legis expenses and may choose to require intervenors to pay a per capita share rather than a pro rata share. See, e.g., Mullane v. Chambers, 438 F.3d 132, 138 (1st Cir. 2006) (explaining that admiralty courts have "flexible and equitable" authority to award custodial expenses); see also Beauregard, Inc. v. Sword Services, LLC, 107 F.3d 351, 353-54 (5th Cir. 1997) ("[T]he district court enjoys broad equitable authority over the administration of maritime seizures."); Gulf Copper & Manufacturing Corporation v. M/V Lewek Express, No. 19-cv-00034, 2019 WL 2435848, *3 (S.D. Tex. June 11, 2019) (explaining that, where reasonable, a court may order per capita apportionment of custodia legis expenses).

Although Additional Return argues to the contrary, the Shipyard provided a benefit to all claimants by arresting the vessel and moving to appoint a substitute custodian to provide for safekeeping at a cost lower than that charged by the United States Marshall's office. See id. The Shipyard's actions served to protect the value of the vessel and, thereby, was a benefit to all interested parties, including Additional Return.

With respect to Additional Return's contention that it was forced to intervene and, therefore, should not be required to pay a pro rata share of expenses, it was "forced" to intervene only to the extent it sought to recover proceeds from the sale of the vessel. It was no more required to intervene than any other interested creditor. In any event, Additional Return failed to object to its status as an intervenor after this Court granted its motion to intervene provisionally and after the sale was finalized.

This Court has twice found that Additional Return is responsible for its pro rata share of <u>custodia legis</u> expenses. Additional Return has repeatedly claimed that such a ruling is unfair. The possibility of recovery on its promissory note from the sale proceeds was, however, a sufficient incentive to cause Additional Return to file a claim in this action and, subsequently, to intervene rather than to allow its claim to be dismissed. Along with the possibility of recovery comes an "attendant responsibility to preserve the property," because recovery is only possible if the property is preserved. <u>See Donald D. Forsht Associates, Inc.</u>, 821 F.2d at 1562 n. 8. Accordingly, plaintiff's motion for entry of judgment will be allowed.

Plaintiff seeks prejudgment interest on its claim for expenses. Prejudgment interest in admiralty claims may be awarded as compensation for the use of funds to which the plaintiff was entitled but of which the defendant had the use prior to judgment. Borges v. Our Lady of the Sea Corp., 935 F.2d 436, 444 (1st Cir. 1991). No "exceptional circumstances" exist here justifying a refusal of prejudgment interest. Nevor v. Moneypenny Holdings, LLC, 842 F.3d 113, 124 (1st Cir. 2016). The Court will therefore award prejudgment interest from December 4, 2017, the date on which the Shipyard first requested payment for custodia legis expenses from Additional Return, compounded quarterly at the prevailing Treasury bill rate.

## ORDER

For the foregoing reasons, the motion of plaintiff for entry of judgment in its favor (Docket No. 107) is **ALLOWED**. Funds plus interest shall be paid to: Hollbrook & Murphy as attorneys for Costal Marine Management, LLC d/b/a Boston Harbor Shipyard and Marina.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated November 6, 2019